1  LEE TRAN LIANG & WANG LLP
   Enoch H. Liang (SBN 212324)
2  enoch.liang@ltlw.com
   Heather F. Auyang (SBN 191776)
3  heather.auyang@ltlw.com
   601 Gateway Boulevard, Suite 1010
4  South San Francisco, CA 94080
   Telephone: (650) 422-2130
5  Facsimile: (213) 612-3773

6  LEE TRAN LIANG & WANG LLP
   Timothy S. Fox (SBN 280918)
7  timothy.fox@ltlw.com
   601 S. Figueroa Street, Suite 3900
8  Los Angeles, CA 90017
   Telephone: (213) 612-8900
9  Facsimile: (213) 612-3773

10 Attorneys for Plaintiff
   VIDANGEL LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIDANGEL LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>CLEARPLAY INC, and DOES 1 through 10,<br><br>   Defendants. | E-FILING<br><br>Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY**

Plaintiff VidAngel LLC ("VidAngel") hereby pleads the following claims for Declaratory Judgment against Defendants ClearPlay Inc. ("ClearPlay") and DOES 1 through 10, and alleges as follows:

## NATURE OF THE ACTION

1. This action is based on the patent laws of the United States, Title 35 of the United States Code. Based on VidAngel's anticipated launch of its filtering software for streaming video, ClearPlay has alleged infringement of U.S. Patent Nos. 6,898,799 ("the '799 patent"), 6,889,383 ("the '383 patent"), 7,526,784 ("the '784 patent"), 7,543,318 ("the '318 patent"), 7,577,970 ("the '970 patent"), 7,975,021 ("the '021 patent"), and 8,117,282 ("the '282 patent") (collectively, the "Patents-in-Suit") and told VidAngel that it intends to "stop" VidAngel's commercial activities. VidAngel contends that it does not infringe any validly issued Patents-in-Suit.

2. As a result, this action involves an actual case or controversy concerning the Patents-in-Suit. VidAngel thus seeks a declaration that it does not infringe the Patents-in-Suit and that the Patents-in-Suit are invalid.

## PARTIES

3. Plaintiff VidAngel is a Utah limited liability company with its principal place of business at 1154 Holly Circle, Provo, Utah 84604. VidAngel provides products and services related to a cloud-based software solution for filtering streaming video.

4. On information and belief, Defendant ClearPlay is a corporation organized under the laws of the State of Delaware.

5. The true names or capacities of defendants named herein as DOES 1 through 10 are presently unknown to Plaintiff. Therefore, Plaintiff sues said defendants by such fictitious names, and will amend this Complaint to show their true names and capacities when the same has been ascertained. Plaintiff is informed

COMPLAINT FOR DECLARATORY
JUDGMENT OF PATENT NON-
INFRINGEMENT AND INVALIDITY

and believes, and based on such information and belief, alleges that defendants sued as DOES 1 through 10, and each of them, are liable in whole or in part for the acts alleged herein.

## JURISDICTION AND VENUE

6. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

8. An actual, justiciable controversy exists between VidAngel (on the one hand) and ClearPlay (on the other) by virtue of ClearPlay's allegations that VidAngel infringes the Patents-in-Suit by making, using, offering to sell or selling products and services related to a cloud-based software solution for filtering streaming video in the United States, and by ClearPlay's threats to "stop" VidAngel from launching its software solution.

9. VidAngel contends that it has a right to make, use and sell its software, systems, and technology, including those incorporated in its products, without license from ClearPlay.

10. The Court has personal jurisdiction over ClearPlay because on information and belief ClearPlay has conducted substantial business in (and has substantial contact with) the Northern District of California. On information and belief, ClearPlay and/or its affiliated companies also market, offer for sale and sell products in this District. *See, e.g.*, https://www.clearplay.com/p-381-clearplay-player-and-membership.aspx.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because ClearPlay is subject to personal jurisdiction in this judicial district. VidAngel also has substantial business in (and has substantial contact with) the Northern District of California, including conducting extensive business

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY

negotiations with entities located in this judicial district. For example, negotiations with our primary content partner, with potential technology partners, and with district-based venture capitalists considering investment in VidAngel. Finally, VidAngel has invited key investors, customers and friends in this judicial district to test and review its technology.

**INTRADISTRICT ASSIGNMENT**

12. Pursuant to Civil Local Rule 3-2(c), this action is properly assigned to any of the divisions in this district because it is an intellectual property action.

**FACTUAL BACKGROUND**

13. On May 24, 2005, the United States Patent and Trademark Office ("USPTO") issued the '799 patent entitled "Multimedia Content Navigation and Playback." The '799 patent states on its face that it was assigned to ClearPlay. A true and correct copy of the '799 patent is attached to this Complaint as **Exhibit A**.

14. On May 3, 2005, the USPTO issued the '383 patent entitled "Delivery of Navigation Data for Playback of Audio and Video Content." The '383 patent states on its face that it was assigned to ClearPlay. A true and correct copy of the '383 patent is attached to this Complaint as **Exhibit B**.

15. On April 28, 2009, the USPTO issued the '784 patent entitled "Delivery of Navigation Data for Playback of Audio and Video Content." The '784 patent states on its face that it was assigned to ClearPlay. A true and correct copy of the '784 patent is attached to this Complaint as **Exhibit C**.

16. On June 2, 2009, the USPTO issued the '318 patent entitled "Delivery of Navigation Data for Playback of Audio and Video Content." The '318 patent states on its face that it was assigned to ClearPlay. A true and correct copy of the '318 patent is attached to this Complaint as **Exhibit D**.

17. On August 18, 2009, the USPTO issued the '970 patent entitled

"Multimedia Content Navigation and Playback." The '970 patent states on its face that it was assigned to ClearPlay. A true and correct copy of the '970 patent is attached to this Complaint as **Exhibit E**.

18. On July 5, 2011, the USPTO issued the '021 patent entitled "Method and User Interface for Downloading Audio and Video Content Filters to a Media Player." The '021 patent states on its face that it was assigned to ClearPlay. A true and correct copy of the '021 patent is attached to this Complaint as **Exhibit F**.

19. On February 14, 2012, the USPTO issued the '282 patent entitled "Media Player Configured to Receive Playback Filters from Alternative Storage Mediums." The '282 patent states on its face that it was assigned to ClearPlay. A true and correct copy of the '282 patent is attached to this Complaint as **Exhibit G**.

20. On information and belief, ClearPlay asserts that it has right, title, and interest in the '799, '383, '784, '318, '970, '021, and '282 patents.

21. On or around November 25, 2013, through its counsel, ClearPlay sent a letter to VidAngel ("ClearPlay Letter"). A true and correct copy of ClearPlay's Letter to VidAngel is attached hereto as **Exhibit H**. The ClearPlay Letter specifically identified VidAngel's software product and launch date, stating that "[ClearPlay] understands that [VidAngel] intends to launch a browser app plugin that would filter out undesirable content on streaming video (Google Play, YouTube, etc.). From what we have seen, this launch is set for Saturday, December 21, 2013." *Id*.

22. The ClearPlay Letter sought a discussion concerning "potential collaboration with VidAngel in furthering the mutual goal of providing clean entertainment for families." *Id*. The ClearPlay Letter listed the Patents-in-Suit and included a binder with copies of the Patents-in-Suit. The ClearPlay letter concluded with "[a]fter review of this letter and the attached patents, my client's hope is that VidAngel will be willing to sit down with ClearPlay to discuss potential

4

**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY**

collaboration on this technology going forward." *Id*.

23. On December 21, 2013, VidAngel representatives met with ClearPlay representatives ("December 21, 2013 meeting"). At that meeting, ClearPlay stated that it intended to stop VidAngel from entering the market.

24. On December 23, 2013, ClearPlay stated that it would not license its intellectual property to VidAngel and re-iterated ClearPlay's "history and policy of defending and protecting its intellectual property at all costs because of its importance to our mission, vision and values."

25. However, VidAngel does not infringe the Patents-in-Suit. Additionally, the Patents-in-Suit are invalid. Accordingly, an actual and justiciable controversy exists between VidAngel and ClearPlay as to whether VidAngel infringes any valid claim of the Patents-in-Suit. Absent a declaration of non-infringement and/or invalidity, ClearPlay will continue to wrongly assert the Patents-in-Suit against VidAngel, and thereby cause VidAngel irreparable harm.

## COUNT I

**(Declaratory Relief Regarding Noninfringement of U.S. Patent No. 6,898,799)**

26. VidAngel restates and incorporates by reference each of the allegations set forth in the paragraphs above, as if fully set forth herein.

27. ClearPlay contends that VidAngel has or is infringing one or more claims of the '799 patent.

28. On information and belief, ClearPlay claims to be the owner of all right, title and interest in the '799 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

29. VidAngel does not infringe any claim of the '799 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of VidAngel's products or services.

30. As set forth above, an actual and justiciable controversy exists between

1  VidAngel and ClearPlay as to VidAngel's noninfringement of the '799 patent.

2    31. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201
3  *et seq.*, VidAngel requests that this Court enter a judgment that VidAngel does not
4  infringe, under any theory of infringement, any valid claim of the '799 patent.

## COUNT II

**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 6,898,799)**

7    32. VidAngel restates and incorporates by reference each of the allegations
8  set forth in the paragraphs above, as if fully set forth herein.

9    33. Upon information and belief, ClearPlay contends that the '799 patent is
10 valid.

11   34. The claims of the '799 patent are invalid for failure to comply with one
12 or more of the conditions for patentability set forth in Title 35 of the United States
13 Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

14   35. As set forth above, an actual and justiciable controversy exists between
15 VidAngel and ClearPlay as to whether the claims of the '799 patent are invalid.

16   36. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201
17 *et seq.*, VidAngel requests that this Court enter a judgment that the claims of the
18 '799 patent are invalid pursuant to Title 35 of the United States Code, including
19 without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT III

**(Declaratory Relief Regarding Noninfringement of U.S. Patent No. 6,889,383)**

22   37. VidAngel restates and incorporates by reference each of the allegations
23 set forth in the paragraphs above, as if fully set forth herein.

24   38. ClearPlay contends that VidAngel has or is infringing one or more
25 claims of the '383 patent.

26   39. On information and belief, ClearPlay claims to be the owner of all
27 right, title and interest in the '383 patent, including the right to assert all causes of

1 action arising under that patent and the right to any remedies for infringement of it.

2   40.   VidAngel does not infringe any claim of the '383 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of VidAngel's products or services.

   41.   As set forth above, an actual and justiciable controversy exists between VidAngel and ClearPlay as to VidAngel's noninfringement of the '383 patent.

   42.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, VidAngel requests that this Court enter a judgment that VidAngel does not infringe, under any theory of infringement, any valid claim of the '383 patent.

## COUNT IV

**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 6,889,383)**

   43.   VidAngel restates and incorporates by reference each of the allegations set forth in the paragraphs above, as if fully set forth herein.

   44.   Upon information and belief, ClearPlay contends that the '383 patent is valid.

   45.   The claims of the '383 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

   46.   As set forth above, an actual and justiciable controversy exists between VidAngel and ClearPlay as to whether the claims of the '383 patent are invalid.

   47.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, VidAngel requests that this Court enter a judgment that the claims of the '383 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT V

**(Declaratory Relief Regarding Noninfringement of U.S. Patent No. 7,526,784)**

   48.   VidAngel restates and incorporates by reference each of the allegations

set forth in the paragraphs above, as if fully set forth herein.

49. ClearPlay contends that VidAngel has or is infringing one or more claims of the '784 patent.

50. On information and belief, ClearPlay claims to be the owner of all right, title and interest in the '784 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

51. VidAngel does not infringe any claim of the '784 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of VidAngel's products or services.

52. As set forth above, an actual and justiciable controversy exists between VidAngel and ClearPlay as to VidAngel's noninfringement of the '784 patent.

53. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, VidAngel requests that this Court enter a judgment that VidAngel does not infringe, under any theory of infringement, any valid claim of the '784 patent.

## COUNT VI

**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 7,526,784)**

54. VidAngel restates and incorporates by reference each of the allegations set forth in the paragraphs above, as if fully set forth herein.

55. Upon information and belief, ClearPlay contends that the '784 patent is valid.

56. The claims of the '784 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

57. As set forth above, an actual and justiciable controversy exists between VidAngel and ClearPlay as to whether the claims of the '784 patent are invalid.

58. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, VidAngel requests that this Court enter a judgment that the claims of the

8

COMPLAINT FOR DECLARATORY
JUDGMENT OF PATENT NON-
INFRINGEMENT AND INVALIDITY

'784 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT VII

**(Declaratory Relief Regarding Noninfringement of U.S. Patent No. 7,543,318)**

59. VidAngel restates and incorporates by reference each of the allegations set forth in the paragraphs above, as if fully set forth herein.

60. ClearPlay contends that VidAngel has or is infringing one or more claims of the '318 patent.

61. On information and belief, ClearPlay claims to be the owner of all right, title and interest in the '318 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

62. VidAngel does not infringe any claim of the '318 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of VidAngel's products or services.

63. As set forth above, an actual and justiciable controversy exists between VidAngel and ClearPlay as to VidAngel's noninfringement of the '318 patent.

64. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, VidAngel requests that this Court enter a judgment that VidAngel does not infringe, under any theory of infringement, any valid claim of the '318 patent.

## COUNT VIII

**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 7,543,318)**

65. VidAngel restates and incorporates by reference each of the allegations set forth in the paragraphs above, as if fully set forth herein.

66. Upon information and belief, ClearPlay contends that the '318 patent is valid.

67. The claims of the '318 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States

Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

68. As set forth above, an actual and justiciable controversy exists between VidAngel and ClearPlay as to whether the claims of the '318 patent are invalid.

69. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, VidAngel requests that this Court enter a judgment that the claims of the '318 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT IX

**(Declaratory Relief Regarding Noninfringement of U.S. Patent No. 7,577,970)**

70. VidAngel restates and incorporates by reference each of the allegations set forth in the paragraphs above, as if fully set forth herein.

71. ClearPlay contends that VidAngel has or is infringing one or more claims of the '970 patent.

72. On information and belief, ClearPlay claims to be the owner of all right, title and interest in the '970 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

73. VidAngel does not infringe any claim of the '970 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of VidAngel's products or services.

74. As set forth above, an actual and justiciable controversy exists between VidAngel and ClearPlay as to VidAngel's noninfringement of the '970 patent.

75. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, VidAngel requests that this Court enter a judgment that VidAngel does not infringe, under any theory of infringement, any valid claim of the '970 patent.

## COUNT X

**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 7,577,970)**

76. VidAngel restates and incorporates by reference each of the allegations

set forth in the paragraphs above, as if fully set forth herein.

77. Upon information and belief, ClearPlay contends that the '970 patent is valid.

78. The claims of the '970 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

79. As set forth above, an actual and justiciable controversy exists between VidAngel and ClearPlay as to whether the claims of the '970 patent are invalid.

80. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, VidAngel requests that this Court enter a judgment that the claims of the '970 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT XI

**(Declaratory Relief Regarding Noninfringement of U.S. Patent No. 7,975,021)**

81. VidAngel restates and incorporates by reference each of the allegations set forth in the paragraphs above, as if fully set forth herein.

82. ClearPlay contends that VidAngel has or is infringing one or more claims of the '021 patent.

83. On information and belief, ClearPlay claims to be the owner of all right, title and interest in the '021 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

84. VidAngel does not infringe any claim of the '021 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of VidAngel's products or services.

85. As set forth above, an actual and justiciable controversy exists between VidAngel and ClearPlay as to VidAngel's noninfringement of the '021 patent.

86. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY

*et seq.*, VidAngel requests that this Court enter a judgment that VidAngel does not infringe, under any theory of infringement, any valid claim of the '021 patent.

## COUNT XII

**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 7,975,021)**

87. VidAngel restates and incorporates by reference each of the allegations set forth in the paragraphs above, as if fully set forth herein.

88. Upon information and belief, ClearPlay contends that the '021 patent is valid.

89. The claims of the '021 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

90. As set forth above, an actual and justiciable controversy exists between VidAngel and ClearPlay as to whether the claims of the '021 patent are invalid.

91. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, VidAngel requests that this Court enter a judgment that the claims of the '021 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT XIII

**(Declaratory Relief Regarding Noninfringement of U.S. Patent No. 8,117,282)**

92. VidAngel restates and incorporates by reference each of the allegations set forth in the paragraphs above, as if fully set forth herein.

93. ClearPlay contends that VidAngel has or is infringing one or more claims of the '282 patent.

94. On information and belief, ClearPlay claims to be the owner of all right, title and interest in the '282 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

95. VidAngel does not infringe any claim of the '282 patent, directly or

1  indirectly, contributorily or otherwise, through its or its customer's activities in
2  conjunction with any of VidAngel's products or services.

3      96.    As set forth above, an actual and justiciable controversy exists between
4  VidAngel and ClearPlay as to VidAngel's noninfringement of the '282 patent.

5      97.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201
6  *et seq.*, VidAngel requests that this Court enter a judgment that VidAngel does not
7  infringe, under any theory of infringement, any valid claim of the '282 patent.

## COUNT XIV

### (Declaratory Relief Regarding Invalidity of U.S. Patent No. 8,117,282)

10     98.    VidAngel restates and incorporates by reference each of the allegations
11  set forth in the paragraphs above, as if fully set forth herein.

12     99.    Upon information and belief, ClearPlay contends that the '282 patent is
13  valid.

14    100.    The claims of the '282 patent are invalid for failure to comply with one
15  or more of the conditions for patentability set forth in Title 35 of the United States
16  Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

17    101.    As set forth above, an actual and justiciable controversy exists between
18  VidAngel and ClearPlay as to whether the claims of the '282 patent are invalid.

19    102.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201
20  *et seq.*, VidAngel requests that this Court enter a judgment that the claims of the
21  '282 patent are invalid pursuant to Title 35 of the United States Code, including
22  without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

24    WHEREFORE, VidAngel respectfully prays for judgment in favor of
25  VidAngel and against ClearPlay, as follows:

26    A.    For a judicial determination and declaration that VidAngel has not
27  infringed and is not infringing, directly or indirectly, any claim of the Patents-in-
28

1 Suit;

2  B. For a judicial determination and declaration that each claim of the Patents-in-Suit is invalid;

C. For injunctive relief against ClearPlay, and all persons acting on its behalf or in concert with it, restraining them from further prosecuting or instituting any action against VidAngel or VidAngel's customers claiming that the Patents-in-Suit are valid or infringed, or for representing that VidAngel's products or services, or that others' use thereof, infringe the Patents-in-Suit;

D. For a declaration that this case is exceptional under 35 U.S.C. § 285 and for an award of attorneys' fees and costs in this action; and

E. For such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

VidAngel hereby demands a jury trial on all issues and claims so triable.

Dated:  December 30, 2013

**LEE TRAN LIANG & WANG LLP**

By: *Enoch Liang* (signature)
Enoch H. Liang
Heather F. Auyang
Timothy S. Fox

Attorneys for Plaintiff
VIDANGEL LLC

14    COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY