KIRTON | McCONKIE, P.C.
James T. Burton*
(jburton@kmclaw.com)
Joshua S. Rupp*
(jrupp@kmclaw.com)
60 East South Temple, Suite 1800
Salt Lake City, UT  84111
Telephone:  (801) 328-3600
*(*Admission Pro Hac Vice Pending* )

Timothy James Goodson (State Bar No. 244,649)
timothy.goodson@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
333 Bush Street
Suite 2100
San Francisco, CA  94104
Phone: (415) 954-4114
Facsimile: (415) 954-4111

*Attorneys for Defendant*
Clearplay, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIDANGEL LLC,<br><br>    Plaintiff/Counterclaim Defendant<br><br>v.<br><br>CLEARPLAY, INC.,<br><br>    Defendants/Counterclaim Plaintiff.<br><br>_____<br><br>CLEARPLAY, INC., a Delaware Corporation<br><br>   Third-party Plaintiff<br><br>v.<br><br>JEFFREY HARMON, an individual; NEAL HARMON, an individual; and DOES 1 through 10. | Case No. C 3:13-cv-05989 SI<br><br>**ANSWER TO COMPLAINT, COUNTERCLAIMS, AND THIRD-PARTY CLAIMS**<br><br>**JURY TRIAL DEMANDED** |

CLEARPLAY'S ANSWER TO COMPLAINT, COUNTERCLAIMS, AND THIRD PARTY CLAIMS

4849-8130-4344.1

Third-party Defendants.

Defendant ClearPlay, Inc. ("ClearPlay"), through its counsel of record, hereby answers Plaintiff VidAngel, LLC's ("VidAngel") Complaint as follows:

## NATURE OF THE ACTION

1.  ClearPlay admits that this action is based upon the patent laws of the United States.  ClearPlay also admits that VidAngel contends that it does not infringe any validly-issued ClearPlay patent.  ClearPlay denies all other allegations of Paragraph 1 of the Complaint.

2.  ClearPlay admits the allegations of Paragraph 2 of the Complaint.

## PARTIES

3.  ClearPlay admits the allegations of Paragraph 3 of the Complaint.

4.  ClearPlay admits the allegations of Paragraph 4 of the Complaint.

5.  ClearPlay lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 5 of the Complaint and, therefore, denies the same.

## JURISDICTION AND VENUE

6.  ClearPlay admits the allegations of Paragraph 6 of the Complaint.

7.  ClearPlay admits that the federal district courts have subject-matter jurisdiction over this dispute.  ClearPlay denies all other allegations of Paragraph 7 of the Complaint.

8.  ClearPlay admits that a controversy exists between it and VidAngel.  ClearPlay denies all other allegations of Paragraph 8 of the Complaint.

9.  ClearPlay lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 9 of the Complaint and, therefore, denies the same.

10.  ClearPlay denies that this Court has personal jurisdiction over ClearPlay because of VidAngel's claim that ClearPlay has conducted substantial business in this district.

11.  ClearPlay denies that venue is proper in this district or that ClearPlay is subject to personal jurisdiction in this district.  ClearPlay lacks knowledge or information sufficient to form

a belief about the truth of the allegations relating to VidAngel's contacts with this district and, therefore, denies the same.

## INTRADISTRICT ASSIGNMENT

12. ClearPlay denies that any division in this district should be assigned this matter because this Court does not have personal jurisdiction over ClearPlay and this Court is also in the improper venue. ClearPlay admits that Civil Local Rule 3-2(c) does not require that an intellectual property matter be transferred to a specific division.

## FACTUAL BACKGROUND

13. ClearPlay admits the allegations of Paragraph 13 of the Complaint.

14. ClearPlay admits the allegations of Paragraph 14 of the Complaint.

15. ClearPlay admits the allegations of Paragraph 15 of the Complaint.

16. ClearPlay admits the allegations of Paragraph 16 of the Complaint.

17. ClearPlay admits the allegations of Paragraph 17 of the Complaint.

18. ClearPlay admits the allegations of Paragraph 18 of the Complaint.

19. ClearPlay admits the allegations of Paragraph 19 of the Complaint.

20. ClearPlay admits the allegations of Paragraph 20 of the Complaint.

21. ClearPlay admits the allegations of Paragraph 21 of the Complaint.

22. ClearPlay admits the allegations of Paragraph 22 of the Complaint.

23. ClearPlay admits the allegations of Paragraph 23 of the Complaint.

24. ClearPlay admits the allegations of Paragraph 24 of the Complaint.

25. ClearPlay admits that an actual and justiciable controversy between ClearPlay and VidAngel exists. ClearPlay denies all other allegations of Paragraph 25 of the Complaint.

## COUNT 1

**(Declaratory Relief Regarding Noninfringement of U.S. Patent No. 6,898,799)**

26. ClearPlay restates and incorporates by reference each of the allegations set forth in the paragraphs above as if fully set forth herein.

27. ClearPlay admits that VidAngel infringes one or more claims of the '799 patent.

28. ClearPlay admits the allegations of Paragraph 28 of the Complaint.

|   |   |   |
|---|---|---|
| 1 | 29. | ClearPlay denies the allegations of Paragraph 29 of the Complaint. |
| 2 | 30. | ClearPlay admits the allegations of Paragraph 30 of the Complaint. |
| 3 | 31. | ClearPlay denies that VidAngel is entitled to the relief it seeks in Paragraph 31 of |
| 4 | the Complaint. | |

**COUNT II**

**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 6,898,799)**

32. ClearPlay restates and incorporates by reference each of the allegations set forth in the paragraphs above as if fully set forth herein.

33. ClearPlay admits the allegations of Paragraph 33 of the Complaint.

34. ClearPlay denies the allegations of Paragraph 34 of the Complaint.

35. ClearPlay admits the allegations of Paragraph 35 of the Complaint.

36. ClearPlay denies that VidAngel is entitled to the relief it seeks in Paragraph 36 of the Complaint.

**COUNT III**

**(Declaratory Relief Regarding Noninfringement of U.S. Patent No. 6,889,383)**

37. ClearPlay restates and incorporates by reference each of the allegations set forth in the paragraphs above as if fully set forth herein.

38. ClearPlay admits the allegations of Paragraph 38 of the Complaint.

39. ClearPlay admits the allegations of Paragraph 39 of the Complaint.

40. ClearPlay denies the allegations of Paragraph 40 of the Complaint.

41. ClearPlay admits the allegations of Paragraph 41 of the Complaint.

42. ClearPlay denies that VidAngel is entitled to the relief it seeks in Paragraph 42 of the Complaint.

**COUNT IV**

**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 6,889,383)**

43. ClearPlay restates and incorporates by reference each of the allegations set forth in the paragraphs above as if fully set forth herein.

44. ClearPlay admits the allegations of Paragraph 44 of the Complaint.

1   45.   ClearPlay denies the allegations of Paragraph 45 of the Complaint.

2   46.   ClearPlay admits the allegations of Paragraph 46 of the Complaint.

3   47.   ClearPlay denies that VidAngel is entitled to the relief it seeks in Paragraph 47 of
4   the Complaint.

## COUNT V

**(Declaratory Relief Regarding Noninfringement of U.S. Patent No. 7,526,784)**

7   48.   ClearPlay restates and incorporates by reference each of the allegations set forth in
8   the paragraphs above as if fully set forth herein.

9   49.   ClearPlay admits the allegations of Paragraph 49 of the Complaint.

10   50.   ClearPlay admits the allegations of Paragraph 50 of the Complaint.

11   51.   ClearPlay denies the allegations of Paragraph 51 of the Complaint.

12   52.   ClearPlay admits the allegations of Paragraph 52 of the Complaint.

13   53.   ClearPlay denies that VidAngel is entitled to the relief it seeks in Paragraph 53 of
14   the Complaint.

## COUNT VI

**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 7,526,784)**

17   54.   ClearPlay restates and incorporates by reference each of the allegations set forth in
18   the paragraphs above as if fully set forth herein.

19   55.   ClearPlay admits the allegations of Paragraph 51 of the Complaint.

20   56.   ClearPlay denies the allegations of Paragraph 52 of the Complaint.

21   57.   ClearPlay admits the allegations of Paragraph 53 of the Complaint.

22   58.   ClearPlay denies that VidAngel is entitled to the relief it seeks in Paragraph 58 of
23   the Complaint.

## COUNT VII

**(Declaratory Relief Regarding Noninfringement of U.S. Patent No. 7,543,318)**

26   59.   ClearPlay restates and incorporates by reference each of the allegations set forth in
27   the paragraphs above as if fully set forth herein.

28   60.   ClearPlay admits the allegations of Paragraph 60 of the Complaint.

| | | |
|---|---|---|
|1|61.|ClearPlay admits the allegations of Paragraph 61 of the Complaint.|
|2|62.|ClearPlay denies the allegations of Paragraph 62 of the Complaint.|
|3|63.|ClearPlay admits the allegations of Paragraph 63 of the Complaint.|
|4|64.|ClearPlay denies that VidAngel is entitled to the relief it seeks in Paragraph 64 of the Complaint.|

## COUNT VIII

**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 7,543,318)**

65. ClearPlay restates and incorporates by reference each of the allegations set forth in the paragraphs above as if fully set forth herein.

66. ClearPlay admits the allegations of Paragraph 66 of the Complaint.

67. ClearPlay denies the allegations of Paragraph 67 of the Complaint.

68. ClearPlay admits the allegations of Paragraph 68 of the Complaint.

69. ClearPlay denies that VidAngel is entitled to the relief it seeks in Paragraph 69 of the Complaint.

## COUNT IX

**(Declaratory Relief Regarding Noninfringement of U.S. Patent No. 7,577,970)**

70. ClearPlay restates and incorporates by reference each of the allegations set forth in the paragraphs above as if fully set forth herein.

71. ClearPlay admits the allegations of Paragraph 71 of the Complaint.

72. ClearPlay admits the allegations of Paragraph 72 of the Complaint.

73. ClearPlay denies the allegations of Paragraph 73 of the Complaint.

74. ClearPlay admits the allegations of Paragraph 74 of the Complaint.

75. ClearPlay denies that VidAngel is entitled to the relief it seeks in Paragraph 75 of the Complaint.

## COUNT X

**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 7,577,970)**

76. ClearPlay restates and incorporates by reference each of the allegations set forth in the paragraphs above as if fully set forth herein.

| | | |
|---|---|---|
|1| 77. | ClearPlay admits the allegations of Paragraph 77 of the Complaint. |
|2| 78. | ClearPlay denies the allegations of Paragraph 78 of the Complaint. |
|3| 79. | ClearPlay admits the allegations of Paragraph 79 of the Complaint. |
|4| 80. | ClearPlay denies that VidAngel is entitled to the relief it seeks in Paragraph 80 of the Complaint. |

## COUNT XI

**(Declaratory Relief Regarding Noninfringement of U.S. Patent No. 7,975,021)**

81. ClearPlay restates and incorporates by reference each of the allegations set forth in the paragraphs above as if fully set forth herein.

82. ClearPlay admits the allegations of Paragraph 82 of the Complaint.

83. ClearPlay admits the allegations of Paragraph 83 of the Complaint.

84. ClearPlay denies the allegations of Paragraph 84 of the Complaint.

85. ClearPlay admits the allegations of Paragraph 85 of the Complaint.

86. ClearPlay denies that VidAngel is entitled to the relief it seeks in Paragraph 86 of the Complaint.

## COUNT XII

**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 7,975,021)**

87. ClearPlay restates and incorporates by reference each of the allegations set forth in the paragraphs above as if fully set forth herein.

88. ClearPlay admits the allegations of Paragraph 88 of the Complaint.

89. ClearPlay denies the allegations of Paragraph 89 of the Complaint.

90. ClearPlay admits the allegations of Paragraph 90 of the Complaint.

91. ClearPlay denies that VidAngel is entitled to the relief it seeks in Paragraph 91 of the Complaint.

## COUNT XIII

**(Declaratory Relief Regarding Noninfringement of U.S. Patent No. 8,117,282)**

92. ClearPlay restates and incorporates by reference each of the allegations set forth in the paragraphs above as if fully set forth herein.

93. ClearPlay admits the allegations of Paragraph 93 of the Complaint.

94. ClearPlay admits the allegations of Paragraph 94 of the Complaint.

95. ClearPlay denies the allegations of Paragraph 95 of the Complaint.

96. ClearPlay admits the allegations of Paragraph 96 of the Complaint.

97. ClearPlay denies that VidAngel is entitled to the relief it seeks in Paragraph 97 of the Complaint.

## COUNT XIV

**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 8,117,282)**

98. ClearPlay restates and incorporates by reference each of the allegations set forth in the paragraphs above as if fully set forth herein.

99. ClearPlay admits the allegations of Paragraph 99 of the Complaint.

100. ClearPlay denies the allegations of Paragraph 100 of the Complaint.

101. ClearPlay admits the allegations of Paragraph 101 of the Complaint.

102. ClearPlay denies that VidAngel is entitled to the relief it seeks in Paragraph 97 of the Complaint.

103. ClearPlay denies all allegations in VidAngel's Complaint not specifically admitted.

## AFFIRMATIVE DEFENSES

ClearPlay asserts the following affirmative defenses:

### First Affirmative Defense

That VidAngel has failed to state a claim upon which relief can be granted in that VidAngel has failed to describe how the '282 Patent, the '021 Patent, the '318 Patent, the '799 Patent, the '383 Patent, the '970 Patent, and the '784 Patent are invalid and/or non-infringed.

### Second Affirmative Defense

That VidAngel's claims are barred by the doctrine of unclean hands.

### Third Affirmative Defense

That this district is the improper venue for VidAngel's claims.

### Fourth Affirmative Defense

That this Court lacks personal jurisdiction over ClearPlay.

### Fifth Affirmative Defense

That the the'282 Patent, the '021 Patent, the '318 Patent, the '799 Patent, the '383 Patent, the '970 Patent, and the '784 Patent are valid and enforceable.

### Sixth Affirmative Defense

That the the'282 Patent, the '021 Patent, the '318 Patent, the '799 Patent, the '383 Patent, the '970 Patent, and the '784 Patent have been willfully infringed by VidAngel.

### DEMAND FOR JURY TRIAL

ClearPlay hereby demands a trial by jury as to all issues in its Answer that are triable by jury.

### CLEARPLAY'S COUNTERCLAIMS:

Defendant/Counterclaim Plaintiff ClearPlay, Inc. ("ClearPlay") states its counterclaims against VidAngel, LLC ("VidAngel") and its third party claims against Third-party Defendants Jeffrey Harmon and Neal Harmon as follows:

### PARTIES

1. ClearPlay is a Delaware corporation with its principal place of business at 5284 South Commerce Drive, Suite C-264, Salt Lake City, Utah 84107.

2. VidAngel is a Utah limited liability company with its principal place of business at 1154 Holly Circle, Provo, Utah 84604.

3. Third-party Defendant Jeffrey Harmon is an individual residing at 1393 Apple Avenue, Provo, Utah 84604.

4. Third-party Defendant Neal Harmon is an individual residing at 1154 Holly Circle, Provo, Utah 84604.

5. The true names and capacities of counter-claim defendants named herein as DOES 1 through 10 are presently unknown to Counter-claim Plaintiff ClearPlay. ClearPlay will amend its counterclaims to show their true names and capacities when they are ascertained.

**JURISDICTION AND VENUE**

6. ClearPlay's counterclaims for patent infringement arise under the provisions of the patent laws of the United States of America, Title 35, United States Code, Sections 271, 281, 283, 284, 285, and 289.

7. Subject-matter jurisdiction over ClearPlay's claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

8. VidAngel has subjected itself to the personal jurisdiction of this Court by virtue of its declaratory judgment claims and the allegations therein. Third-party Defendants Jeffrey Harmon and Neal Harmon (collectively, the "Harmons), by virtue of their position as managers of VidAngel, subjected themselves to the personal jurisdiction of this Court, by wrongfully encouraging the willful infringement of ClearPlay's patents-in-suit and then bringing their declaratory judgment claims

9. For purposes of these counterclaims only, venue is proper in this district under 28 U.S.C. § 1391 by virtue of VidAngel's declaratory judgment claims and the allegations therein, and because Harmons subjected themselves to the venue of this district by knowingly encouraging VidAngel's willful infringement of ClearPlay's patents-in-suit.

10. VidAngel has placed its infringing goods, systems, methods, compositions, and/or services, including, without limitation, VidAngel's online filtering product, including at www.vidangel.com ("VidAngel Product"), into the stream of commerce throughout the United States, which goods, systems, methods, compositions, and/or services have been offered for sale, sold, and/or used in this district.

**FIRST CLAIM FOR RELIEF**

**Infringement of U.S. Patent No. 8,111,282**

**Against VidAngel, Neal Harmon, and Jeffrey Harmon**

11. On February 14, 2012, U.S. Patent No. 8,111,282 ("the '282 Patent") was duly and legally issued by the United States Patent and Trademark Office. ClearPlay is the owner of all

1  right, title, and interest in and to the '282 Patent, including the right to sue for and recover all
2  past, present, and future damages for infringement of the '282 Patent.

3    12. Upon information and belief, VidAngel has infringed and continues to infringe the '282 Patent by making, using, selling, and/or offering to sell, or allowing others to make, use, sell, and/or offer to sell, in the United States product(s) that are covered by one or more claims of the '282 Patent, including, but not limited to, claims 4, 6-13, 18-19, and 25.

7    13. VidAngel is liable for infringement of the '282 Patent pursuant to 35 U.S.C. § 271.

8    14. VidAngel's acts of infringement have caused damages to ClearPlay, and ClearPlay is entitled to recover from VidAngel the damages sustained by ClearPlay as a result of VidAngel's wrongful acts in an amount subject to proof at trial.

11   15. As a consequence of the infringement complained of herein, ClearPlay has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless VidAngel is enjoined by the Court from continuing further acts of infringement.

15   16. VidAngel's acts of infringement have been taken with knowledge of the '282 Patent. Such acts constitute willful infringement and make this case exceptional under 35 U.S.C. §§ 284 and 285, and further entitle ClearPlay to enhanced damages and reasonable attorneys' fees.

19   17. Upon information and belief, the willful infringement occurred with the knowing assistance of the Harmons as managers of VidAngel, thereby subjecting each of them to personal liability for VidAngel's willful infringement of the '282 Patent.

**SECOND CLAIM FOR RELIEF**

**Infringement of U.S. Patent No. 7,975,021**

**Against VidAngel, Neal Harmon, and Jeffrey Harmon**

25   18. On July 5, 2011, U.S. Patent No. 7,975,021 ("the '021 Patent") was duly and legally issued by the United States Patent and Trademark Office. ClearPlay is the owner of all right, title, and interest in and to the '021 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '021 Patent.

19. Upon information and belief, VidAngel has infringed and continues to infringe the '021 Patent by making, using, selling, and/or offering to sell, or allowing others to make, use, sell, and/or offer to sell, in the United States product(s) that are covered by one or more claims of the '021 Patent, including, but not limited to, claims 1 and 2.

20. VidAngel is liable for infringement of the '021 Patent pursuant to 35 U.S.C. § 271.

21. VidAngel's acts of infringement have caused damages to ClearPlay, and ClearPlay is entitled to recover from VidAngel the damages sustained by ClearPlay as a result of VidAngel's wrongful acts in an amount subject to proof at trial.

22. As a consequence of the infringement complained of herein, ClearPlay has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless VidAngel is enjoined by the Court from continuing further acts of infringement.

23. VidAngel's acts of infringement have been taken with knowledge of the '021 Patent. Such acts constitute willful infringement and make this case exceptional under 35 U.S.C. §§ 284 and 285, and further entitle ClearPlay to enhanced damages and reasonable attorneys' fees.

24. Upon information and belief, the willful infringement occurred with the knowing assistance of the Harmons as managers of VidAngel, thereby subjecting each of them to personal liability for VidAngel's willful infringement of the '021 Patent.

## THIRD CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 7,543,318

### Against VidAngel, Neal Harmon, and Jeffrey Harmon

25. On June 2, 2009, U.S. Patent No. 7,543,318 ("the '318 Patent") was duly and legally issued by the United States Patent and Trademark Office. ClearPlay is the owner of all right, title, and interest in and to the '318 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '318 Patent.

26. Upon information and belief, VidAngel has infringed and continues to infringe the '318 Patent by making, using, selling, and/or offering to sell, or allowing others to make, use, sell,

and/or offer to sell, in the United States product(s) that are covered by one or more claims of the '318 Patent, including, but not limited to, claims 1-3, 6-8, 13-19, 21-23, and 29.

27.   VidAngel is liable for infringement of the '318 Patent pursuant to 35 U.S.C. § 271.

28.   VidAngel's acts of infringement have caused damages to ClearPlay, and ClearPlay is entitled to recover from VidAngel the damages sustained by ClearPlay as a result of VidAngel's wrongful acts in an amount subject to proof at trial.

29.   As a consequence of the infringement complained of herein, ClearPlay has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless VidAngel is enjoined by the Court from continuing further acts of infringement.

30.   VidAngel's acts of infringement have been taken with knowledge of the '318 Patent. Such acts constitute willful infringement and make this case exceptional under 35 U.S.C. §§ 284 and 285, and further entitle ClearPlay to enhanced damages and reasonable attorneys' fees.

31.   Upon information and belief, the willful infringement occurred with the knowing assistance of the Harmons as managers of VidAngel, thereby subjecting each of them to personal liability for VidAngel's willful infringement of the '318 Patent.

## FOURTH CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 6,898,799

### Against VidAngel, Neal Harmon, and Jeffrey Harmon

32.   On May 24, 2005, U.S. Patent No. 6,898,799 ("the '799 Patent") was duly and legally issued by the United States Patent and Trademark Office. ClearPlay is the owner of all right, title, and interest in and to the '799 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '799 Patent.

33.   Upon information and belief, VidAngel has infringed and continues to infringe the '799 Patent by making, using, selling, and/or offering to sell, or allowing others to make, use, sell, and/or offer to sell, in the United States product(s) that are covered by one or more claims of the '799 Patent, including, but not limited to, claims 1-28.

1  34. VidAngel is liable for infringement of the '799 Patent pursuant to 35 U.S.C. § 271.

2  35. VidAngel's acts of infringement have caused damages to ClearPlay, and ClearPlay is entitled to recover from VidAngel the damages sustained by ClearPlay as a result of VidAngel's wrongful acts in an amount subject to proof at trial.

36. As a consequence of the infringement complained of herein, ClearPlay has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless VidAngel is enjoined by the Court from continuing further acts of infringement.

37. VidAngel's acts of infringement have been taken with knowledge of the '799 Patent. Such acts constitute willful infringement and make this case exceptional under 35 U.S.C. §§ 284 and 285, and further entitle ClearPlay to enhanced damages and reasonable attorneys' fees.

38. Upon information and belief, the willful infringement occurred with the knowing assistance of the Harmons as managers of VidAngel, thereby subjecting each of them to personal liability for VidAngel's willful infringement of the '799 Patent.

## FIFTH CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 6,889,383

### Against VidAngel, Neal Harmon, and Jeffrey Harmon

39. On May 3, 2005, U.S. Patent No. 6,889,383 ("the '383 Patent") was duly and legally issued by the United States Patent and Trademark Office. ClearPlay is the owner of all right, title, and interest in and to the '383 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '383 Patent.

40. Upon information and belief, VidAngel has infringed and continues to infringe the '383 Patent by making, using, selling, and/or offering to sell, or allowing others to make, use, sell, and/or offer to sell, in the United States product(s) that are covered by one or more claims of the '383 Patent, including, but not limited to, claims 1-23.

41. VidAngel is liable for infringement of the '383 Patent pursuant to 35 U.S.C. § 271.

42. VidAngel's acts of infringement have caused damages to ClearPlay, and ClearPlay is entitled to recover from VidAngel the damages sustained by ClearPlay as a result of VidAngel's wrongful acts in an amount subject to proof at trial.

43. As a consequence of the infringement complained of herein, ClearPlay has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless VidAngel is enjoined by the Court from continuing further acts of infringement.

44. VidAngel's acts of infringement have been taken with knowledge of the '383 Patent. Such acts constitute willful infringement and make this case exceptional under 35 U.S.C. §§ 284 and 285, and further entitle ClearPlay to enhanced damages and reasonable attorneys' fees.

45. Upon information and belief, the willful infringement occurred with the knowing assistance of the Harmons as managers of VidAngel, thereby subjecting each of them to personal liability for VidAngel's willful infringement of the '383 Patent.

### SIXTH CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 7,577,970

### Against VidAngel, Neal Harmon, and Jeffrey Harmon

46. On August 18, 2009, U.S. Patent No. 7,577,970 (the "'970 Patent") was duly and legally issued by the United States Patent and Trademark Office. ClearPlay is the owner of all right, title, and interest in and to the '970 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '970 Patent.

47. Upon information and belief, VidAngel has infringed and continues to infringe the '970 Patent by making, using, selling, and/or offering to sell, or allowing others to make, use, sell, and/or offer to sell, in the United States product(s) that are covered by the following claims of the '970 Patent: 1-2, 4-10, 12-15, 17-26, 35-38, and 41-43.

48. VidAngel is liable for infringement of the '970 Patent pursuant to 35 U.S.C. § 271.

49. VidAngel's acts of infringement have caused damages to ClearPlay, and ClearPlay is entitled to recover from VidAngel the damages sustained by ClearPlay as a result of VidAngel's wrongful acts in an amount subject to proof at trial.

50. As a consequence of the infringement complained of herein, ClearPlay has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless VidAngel is enjoined by the Court from continuing further acts of infringement.

51. VidAngel's acts of infringement have been taken with knowledge of the '970 Patent. Such acts constitute willful infringement and make this case exceptional under 35 U.S.C. §§ 284 and 285, and further entitle ClearPlay to enhanced damages and reasonable attorneys' fees.

52. Upon information and belief, the willful infringement occurred with the knowing assistance of the Harmons as managers of VidAngel, thereby subjecting each of them to personal liability for VidAngel's willful infringement of the '970 Patent.

## PRAYER FOR RELIEF

WHEREFORE, ClearPlay prays for the following relief:

A. That VidAngel has infringed the '282 Patent, the '021 Patent, the '318 Patent, the '799 Patent, the '383 Patent, and the '970 Patent (the "Asserted Patents");

B. That VidAngel account for and pay to ClearPlay all damages caused by the infringement of the Asserted Patents, and to enhance such damages as appropriate, in accordance with 35 U.S.C. § 284;

C. That ClearPlay be granted permanent injunctive relief pursuant to 35 U.S.C. § 283, enjoining VidAngel, its officer, agents, servants, employees, members, managers, and those persons in active concert or participation with it from further acts of infringement of the Asserted Patents;

D. That ClearPlay be granted pre-judgment and post-judgment interest on the damages caused to it by reason of VidAngel's patent infringement;

E. That the Court declare this an exceptional case and that ClearPlay be granted its reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

F. That costs be awarded to ClearPlay;

G. That Jeffrey Harmon and Neal Harmon be held personally liable for the infringement of the Asserted Patents for their knowing encouragement that the Asserted Patents be willfully infringed by VidAngel; and

H. That ClearPlay be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

ClearPlay hereby demands a trial by jury as to all issues in ClearPlay's counterclaims that are triable by jury.

DATED this 7th day of February, 2014.

Respectfully submitted,

KIRTON | McCONKIE, P.C.

By:/s/James T. Burton
KIRTON MCCONKIE PC
James T. Burton (appearance *pro hac vice*)
Joshua S. Rupp (appearance *pro hac vice*)

and

KNOBBE, MARTENS, OLSON & BEAR, LLP
Timothy James Goodson

*Attorneys for Defendant*
Clearplay, LLC

CLEARPLAY'S ANSWER TO COMPLAINT, COUNTERCLAIMS, AND THIRD PARTY CLAIMS
CV 13-05989 SI

4849-8130-4344.1

## CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of February, 2014, a copy of the foregoing was filed with the Court's CM/ECF system, which provides service to all counsel of record.

/s/James T. Burton