*Proposed and submitted by:*

KIRTON | McCONKIE, P.C.
James T. Burton*
(jburton@kmclaw.com)
Joshua S. Rupp*
(jrupp@kmclaw.com)
60 East South Temple, Suite 1800
Salt Lake City, UT  84111
Telephone:  (801) 328-3600
Facsimile:  (801) 321-4893
*(Admitted *Pro Hac Vice*)

KNOBBE, MARTENS, OLSON & BEAR, LLP
Timothy J. Goodson (SBN 244,649)
(timothy.goodson@knobbe.com)
333 Bush Street, Suite 2100
San Francisco, CA 94104
Telephone: (415) 954-4114
Facsimile: (415) 954-4111

*Attorneys for Defendant, Counterclaimant and Third-party Plaintiff ClearPlay, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| VIDANGEL LLC,<br><br>    Plaintiff and Counter-Defendant,<br><br>    v.<br><br>CLEARPLAY, INC, and DOES 1 through 10,<br><br>    Defendant and Counterclaimant. | Case No. C 3:13-cv-05989-SI<br><br>**[PROPOSED] ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER AND ORDER SETTING BRIEFING AND HEARING SCHEDULE FOR CLEARPLAY, INC.'S MOTION FOR PRELIMINARY INJUNCTION** |
| CLEARPLAY, INC.,<br><br>    Third-party Plaintiff,<br><br>    v.<br><br>JEFFREY HARMON; NEAL HARMON; and DOES 1 through 10, | |

Third-party Defendants.

Defendant, Counterclaimant and Third-party Plaintiff ClearPlay, Inc. ("ClearPlay"), having filed counterclaims and third-party claims for patent infringement against Counter-Defendant VidAngel LLC and Third-party Defendants Jeffrey Harmon and Neal Harmon (collectively "VidAngel," unless otherwise specified), and having brought a Consolidated Motion for Temporary Restraining Order, Order to Disable Certain Websites, and Order to Show Cause for Preliminary Injunction (the "Motion"), and ClearPlay's Motion having been supported by ClearPlay's Answer, Counterclaims and Third-party Complaint (Dkt. No. 20), ClearPlay's Memorandum of Points and Authorities in Support of the Motion, and the Affidavit of Matthew T. Jarman, and this Court having reviewed and otherwise being familiar with the foregoing and the record, having heard the arguments of counsel, and otherwise being advised in the premises, in accordance with Federal Rule of Civil Procedure 65, the Court finds as follows:

1. ClearPlay has demonstrated that it is likely to succeed on the merits of its patent infringement claims based on VidAngel making, importing, using, selling, offering for sale, holding for sale, advertising, promoting and/or otherwise storing VidAngel's online multimedia and/or audiovisual filtering product(s) (hereinafter the "Infringing Products"), including products offered, hosted, or available at www.vidangel.com, which Infringing Products the Court preliminarily finds are likely to infringing one or more claims of one or more of the "Patents-in-Suit,"[1] including, but not limited to, claims 1 and 6 of U.S. Patent No. 7,543,318 ("the '318 Patent") and claim 19 of U.S. Patent No. 8,117,282 (the "'282 Patent").

2. ClearPlay has demonstrated that it is likely to succeed in showing that VidAngel is making, importing, using, selling, offering for sale, holding for sale, advertising, promoting and/or otherwise storing VidAngel's Infringing Products in connection or association with one or

---

[1] The Patents-in-Suit presently include U.S. Patent Nos. (a) 6,889,383, (b) 6,898,799, (c) 7,526,784, (d) 7,543,318, (e) 7,577,970, (f) 7,975,021, and (g) 8,117,282.

more websites hosted, owned, operated, or otherwise under or subject to VidAngel's control, including, but not limited to, www.vidangel.com (hereinafter, the "Infringing Websites").

3. In addition to demonstrating a likelihood of success on the merits of its claims, ClearPlay has shown (a) that it has and will continue to suffer irreparable harm if preliminary injunctive relief is not granted, (b) that the balance of hardships tips in ClearPlay's favor and against VidAngel, and (c) that the public interest would be disserved by a denial of the requested injunctive relief.

4. ClearPlay has demonstrated the necessity of the requested relief under the circumstances, to (a) prevent VidAngel from irreparably eroding market prices and ClearPlay's reputation and brand significance (b) prevent VidAngel from siphoning off ClearPlay's existing and prospective customers or otherwise increasing its market share at the expense of ClearPlay's market share, and (c) prevent VidAngel from disrupting or destroying ClearPlay's reputation and business opportunities.

5. ClearPlay has notified or made reasonable efforts to notify VidAngel of its Motion prior to filing of the same, including by email and the Court's CM/ECF system, which system provides service and notice to all counsel of record, including counsel for VidAngel.

**IT IS HEREBY ORDERED** that VidAngel appear to show cause on or before _____ (time) on _____ (date), or as soon thereafter as counsel can be heard, in Courtroom 10 of the Honorable Susan Illston, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, CA 94102, why an order pursuant to Federal Rule of Civil Procedure 65 and 35 U.S.C. § 283 should not be entered granting ClearPlay a preliminary injunction as follows:

a. Enjoining and restraining Plaintiff and Counter-Defendant VidAngel LLC and Third-party Defendants Jeffrey Harmon and Neal Harmon (together and individually), and their officers, agents, servants, representatives, employees, attorneys, parents, subsidiaries, affiliates, related companies, partners, successors, predecessors, assigns, and all persons acting for, with, by, through, or under them, and each of them, from:

i. making, importing, using, selling, offering for sale, holding for sale, advertising, promoting and/or otherwise storing, in any manner, VidAngel's online

multimedia and/or audiovisual filtering product(s), including products offered, hosted, or available at www.vidangel.com, which products have been defined herein as the Infringing Products, as such Infringing Products preliminarily appear to infringe one or more claims of one or more of the Patents-in-Suit;

  ii. offering, hosting, making available, or otherwise using the Infringing Products in connection or association with one or more websites hosted, owned, operated, or otherwise under or subject to VidAngel's control, including, but not limited to, www.vidangel.com, referred to herein collectively as the Infringing Websites;

  iii. operating, providing, enabling, or otherwise hosting the Infringing Websites or otherwise providing services enabling the sale, offer for sale, advertisement, or promotion of any products, including the Infringing Products, that infringe the Patents-in-Suit; and

  iv. otherwise infringing the Patents-in-Suit; and

b. Any and all domain name registries holding or listing one or more of the domain names used in conjunction with the Infringing Websites is hereby Ordered, within one (1) day of receipt of the Court's Order, to temporarily disable these domain names, or any subset of these domain names specified by ClearPlay, through a registry hold or otherwise, and make them inactive and non-transferable pending further order from this Court, unless ClearPlay indicates to the registrars that particular domain names be released from such restraints.

**IT APPEARING** to the Court that VidAngel is making, importing, using, selling, offering for sale, holding for sale, advertising, promoting and/or otherwise storing VidAngel's Infringing Products in violation and infringement of ClearPlay's Patents-in-Suit, including through the Infringing Websites, and will continue to carry out such acts of infringement unless restrained by Order of the Court, it is hereby:

**ORDERED**, that pending the hearing on ClearPlay's application for a preliminary injunction, VidAngel (as collectively defined above), and their officers, agents, servants, representatives, employees, attorneys, parents, subsidiaries, affiliates, related companies, partners, successors, predecessors, assigns, and all persons acting for, with, by, through, or under them,

having knowledge of the instant Order by service, actual notice, or otherwise, shall be and are hereby temporarily restrained from:

    a.    Committing any of the acts set forth in subparagraphs (a)(i)-(iv) & (b) above;

    b.    Moving, destroying, or otherwise disposing of any items, merchandise or documents relating to the Infringing Products, the Infringing Websites, and/or VidAngel's assets and operations; and

    c.    Removing, destroying, or otherwise disposing of any computer files, electronic files, business records, or documents relating to the Infringing Products, the Infringing Websites, and/or VidAngel's assets and operations; and it is further

**ORDERED** that the Temporary Restraining Order shall remain in effect until the date for hearing and determination of the Order to Show Cause set forth above, or such further dates as set by the Court, unless VidAngel stipulates, or has not objected, to the Preliminary Injunction; and it is further

**ORDERED**, that, in accordance with 35 U.S.C. § 283, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, the domain name registries and/or the individual registrars holding or listing one or more of the domain names used in conjunction with the Infringing Websites shall, within one (1) day of receipt of this Order, temporarily disable these domain names, or any subset of these domain names, through a registry hold or otherwise, and make them inactive and non-transferrable pending further order from this Court, unless ClearPlay requests that particular domain names be released from such restraints; and it is finally

VidAngel is hereby given notice that failure to attend the hearing scheduled herein may result in confirmation of the seizure authorized herein, destruction or other disposition of the goods seized, if any, immediate issuance of the prayed-for preliminary injunctive relief to take effect immediately upon expiration or dissolution of the Temporary Restraining Order, and shall otherwise extend for the pendency of this litigation upon the same terms and conditions as comprise this Temporary Restraining Order. VidAngel is hereby given further notice that they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction

and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.  **IT IS SO ORDERED**.

SIGNED this _____ day of _____ 2014, at _____ a.m./p.m.

By: _____
The Honorable Susan Illston
United States Senior District Court Judge

4852-0583-2984.1