IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIDANGEL LLC, | No. C 13-5989 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| v. | |
| CLEARPLAY INC., and DOES 1-10, | |
| Defendants. | |

On March 4, 2014, the Court issued an Order Granting Defendant's Motion to Transfer Venue and Transferring Action to the District of Utah. On March 5, 2014, plaintiff filed a motion for leave to file a motion for reconsideration of that order. Plaintiff asserts that reconsideration is warranted because "numerous key facts have only recently come into existence that, due to their timing, were not available to the Court when it issued its ruling transferring this action." Docket No. 42 at 1. These facts include VidAngel's reincorporation as a Delaware limited liability corporation on February 7, 2014; VidAngel entering into a lease for an office in Palo Alto, California on February 26, 2014; "recently" engaging numerous employees in the Northern District; and changing VidAngel's terms of use to require disputes with its customers to be arbitrated and litigated in Silicon Valley.

Civil Local Rule 7-9 governs motions for leave to file a motion for reconsideration. That rule provides,

> (b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show reasonable diligence in bringing the motion, and one of the following:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the

interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

    (2) The emergence of new material facts or a change of law occurring after the time of such order; or

    (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil Local Rule 7-9(b).

    The Court finds that plaintiff has not shown that any of the requirements of Civil Local Rule 7-9(b) are met.[1] Plaintiff's opposition to the motion to transfer was filed on February 21, 2014. That opposition made no mention of VidAngel's reincorporation, nor did plaintiff inform the Court that VidAngel had imminent plans to relocate to Palo Alto. Instead, plaintiff's CEO filed a declaration on February 21, 2014, stating, *inter alia*, "While it is still early in VidAngel's business cycle, VidAngel's long-term business plans are to work closely with video content providers (which are mainly based in Los Angeles, California) in conjunction with technology partners (which are mainly based in Silicon Valley in the Northern District). According to VidAngel's post-seed funding plans and for strategic reasons unrelated to this lawsuit, I am currently working with legal and accounting professionals about moving the company out of Utah." Harmon Decl. ¶ 10 (Docket No. 26-1). VidAngel's motion for leave to file a motion for reconsideration does not explain why Mr. Harmon's February 21, 2014 declaration did not mention the reincorporation or why that declaration only stated in vague terms that he was working with professionals about "moving the company out of Utah."

    VidAngel notes that the hearing on the motion to transfer was scheduled for March 14, 2014, and VidAngel states that it had planned to file a surreply on March 6, 2014 informing the Court of the new developments, but that the Court "beat VidAngel to the punch" by ruling on the motion to transfer on March 4, 2014. Docket No. 42 at 1. However, as VidAngel is aware, on February 21, 2014, ClearPlay filed a motion for a temporary restraining order and preliminary injunction. On February 26, 2014, in the course of briefing the TRO motion, ClearPlay filed a Supplement to the TRO motion

---

[1] Although VidAngel does not identify which provision of Civil Local Rule 7-9(b) it contends applies, presumably VidAngel invokes subsection (1) because the new developments occurred prior to the date the Court's March 4, 2014 order was issued.

2

requesting that the Court rule on the fully briefed transfer motion before considering the TRO motion. Docket No. 32. Thus, VidAngel was aware as of February 26, 2014, that due to the pending TRO motion, there was a reasonable possibility that the Court would rule on the fully briefed transfer motion prior to the March 14, 2014 hearing date.[2] In any event, VidAngel has not explained why it did not inform the Court of its reincorporation and plans to relocate in its February 21, 2014 opposition to the motion to transfer, or at the latest on or around February 26, 2014 when VidAngel signed the lease.

VidAngel has not shown, as is required by Civil Local Rule 7-9(b)(1) that "a material difference in fact . . . exists from that which was presented to the Court" of which VidAngel was then unaware, as is required by the Rule: "The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." The facts now cited to the Court, of which VidAngel was aware at all times, were not presented to the Court in any of the numerous briefs filed by VidAngel. VidAngel did not act with reasonable diligence prior to the Court's March 3, 2014 transfer order to supplement the factual record regarding the transfer motion.

This order resolves Docket No. 42.

**IT IS SO ORDERED.**

Dated: March 6, 2014

SUSAN ILLSTON
United States District Judge

---

[2] VidAngel's opposition to the TRO motion, which was filed on February 26, 2014, also makes no mention of VidAngel's reincorporation or relocation.